People v Brenda WW. (2025 NY Slip Op 05848)

People v Brenda WW.

2025 NY Slip Op 05848

Decided on October 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

113247
[*1]The People of the State of New York, Respondent,
v
Brenda WW., Appellant.

Calendar Date:October 19, 2023

Before:Lynch, J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Veronica Reed, Schenectady, for appellant.
Robert A. Mascari, Acting District Attorney, Wampsville (J. Sam Rodgers of counsel), for respondent.

McShan, J.
Appeal (upon remittal from the Court of Appeals) from an order of the County Court of Madison County (Patrick O'Sullivan, J.), entered October 13, 2021, which denied defendant's application for resentencing pursuant to CPL 440.47, after a hearing.
The relevant facts pertaining to this appeal are set forth in our prior decision (222 AD3d 1188 [3d Dept 2023], mod ___ NY3d ___, 2025 NY Slip Op 03643 [2025]). In that decision, we modified County Court's order denying defendant's motion for resentencing pursuant to CPL 440.47 seeking to invoke the alternative sentencing provisions of the Domestic Violence Survivors Justice Act (hereinafter DVSJA), by reducing defendant's sentence on both of her convictions to a prison term of eight years, to be followed by five years of postrelease supervision (id. at 1201). Further, this Court credited defendant's time spent incarcerated in excess of her reduced sentences toward her term of postrelease supervision (id. at 1195 n 4). Upon appeal, the Court of Appeals found, in relevant part, that the time defendant spent incarcerated beyond that imposed by this Court pursuant to the DVSJA could not be credited against the term of postrelease supervision required by the DVSJA and remitted the matter to this Court to impose an appropriate term of postrelease supervision in our discretion (People v Brenda WW., ___ NY3d ___, ___, 2025 NY Slip Op 03643, *4 [2025]). We requested that the parties submit supplemental briefing on that issue and, upon consideration of the parties' submissions and the record in its entirety, we find that a three-year period of postrelease supervision is appropriate under the circumstances (see Penal Law § 70.45 [2] [f]). Accordingly, we impose the same period of incarceration set forth in our prior determination and modify the postrelease supervision as set forth herein.
Lynch, J.P., Aarons, Pritzker and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, by reducing the sentence imposed on the conviction of manslaughter in the first degree to a prison term of eight years, to be followed by three years of postrelease supervision, the sentence imposed for assault in the first degree to a prison term of eight years, to be followed by three years of postrelease supervision, and the sentence imposed for criminal possession of a weapon in the third degree to a prison term of two years, which sentences shall run concurrently; matter remitted to the County Court of Madison County for further proceedings pursuant to CPL 470.45; and, as so modified, affirmed.